972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo GOMEZ, Defendant-Appellant.
 No. 86-5094.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 22, 1992.
 
 Before CHAMBERS, SNEED and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angelo Gomez appeals from the district court's denial of his motion for a new trial and from the final judgment of conviction on the grounds that the government committed a Brady violation by withholding evidence beneficial to the defendant when the goverment failed to call a witness at trial. Gomez was convicted by a jury for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846.
 
 
 3
 Gomez contends that his due process rights were violated because the government failed to call David Hullett as a witness. Gomez claims that Hullett's testimony would have discredited the testimony of the government's key witness, O'Connor.
 
 
 4
 We review a challenge to a conviction based on an alleged Brady violation de novo. United States v. Aichele, 941 F.2d 761, 764 (9th Cir.1991). We review a district court's order denying a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 for abuse of discretion. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985).
 
 
 5
 Under Brady v. Maryland, 373 U.S. 83 (1963), the Government must disclose evidence which is favorable to the defense and material to either guilt or punishment. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id.
 
 
 6
 We affirm the district court and find that the government did not fail to disclose material evidence. Hullett's identity was disclosed in the indictment. Defendant always had the option to call Hullett as a witness.
 
 
 7
 Finally, even without the testimony of Hullett, O'Connor was already significantly impeached. He admitted he received a "break" on his Canadian sentence and a "deal" with the United States Attorney's Office to testify in this trial. Because O'Connor had already been impeached, any further impeachment evidence would simply have been cumulative and not material to the jury's determination of guilt.
 
 
 8
 We affirm the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3